UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JAMES CORTELYOU,** | ) | **CASE NO. 1:16 CV 1811** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | |
| **FEDERAL BUREAU OF** | ) | **MEMORANDUM OF OPINION** |
| **INVESTIGATION,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

Seeking monetary damages, *pro se* plaintiff James Cortelyou has filed this civil rights action against federal officials and governmental entities alleging deficiencies and constitutional rights violations in connection with federal criminal charges and proceedings currently pending against him.

Under 28 U.S.C. §1915A, federal district courts are expressly required to screen any action in which a prisoner seeks redress from governmental entities or officials, and to dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Upon review, the Court finds this action must be dismissed under §1915A.

The plaintiff's claims can and must first be raised within the context of his pending criminal case, in which he is represented by counsel. Further, his damages claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), in which the Supreme Court held that "in order to recover

damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See also Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998) (the holding in *Heck* "applies equally" to actions brought against federal officials under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)). The plaintiff's allegations in this case call into question the validity of his imprisonment on pending federal charges and are therefore barred under *Heck* unless or until the charges are invalidated in one of the ways stated in *Heck*.

## Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      s/*Dan Aaron Polster*   7/29/2016
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE